ANDREW McCOLLAM v. ELLEN BEATTIE.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Preston*, for the appellant.

*G. Strawbridge*, for the defendant.

MORPHY, J.   The petitioner seeks to recover of the defendant, the universal heir of the late Joseph M. White, the sum of $1000, which he alleges to be the value of services rendered to the deceased, in surveying, measuring, and marking the boundaries of warrants, Nos. 1, 2, 4 and 5, of the Lafayette grants, in the parish of Pointe Coupée, &c.   The attorney appointed to represent the absent defendant in this suit, which was commenced by attachment, pleaded the general issue, and called upon the plaintiff to make strict proof of his demand.   No special contract is alleged in the petition.   It is true that one witness says, that he heard Joseph M. White confess that he had agreed to give the

M'Collam v. Beattie.

plaintiff $1500 for the work, which is more by fifty per cent than the plaintiff claims. This testimony would be entitled to little weight, even if a contract for the payment of money exceeding five hundred dollars could be proved by a single witness. As to the surveys for which a compensation is claimed, the evidence shows that they were made and returned into the office of the Surveyor General, who, it appears, approved them in 1839; but the same evidence renders it very doubtful whether the lines were all run, marked, and the corners established, as required by the laws and general instructions to the deputy surveyors of the United States. Be this as it may, the testimony in relation to the value of these surveys, is extremely contradictory. The witnesses of the plaintiff say, that his services are reasonably worth $1000, and even $1500; while those of the defendant declare that the smallest of these sums is exorbitant, unreasonable, and beyond all proper bounds. The present Surveyor General testifies, that the allowance made by government to deputy surveyors, for surveying, measuring, and marking lines of public lands and private claims, is fixed by an act of Congress at four dollars per mile, and that in these surveys, the lines measure 19 miles, 4 chains and 88 links, which at $4 per mile, would amount to $76 24. He adds, that there are cases where, when the ground to be surveyed is uncommonly difficult, and the best services are sought to be secured, it has been customary for claimants to offer inducements by additional compensation, and if the present is one of those extreme cases, of which he is not aware, $200 or $250, would be a large compensation, if the work had been performed in strict conformity with the laws and instructions regulating the surveys of public and private lands. In the absence of any contract between the parties, and with this diversity of opinion among the witnesses, as to the value of these surveys, the judge thought it best to adopt a guide, which, as he remarks, is too apt to be overlooked in this State, when the compensation of officers is to be fixed, for whose services there is a tariff; and he has decreed to the plaintiff the compensation allowed by law. We cannot say that he has erred in doing so.

*Judgment affirmed.*